**In the Matter of G.I.C. GOVERNMENT SECURITIES, INC., Debtor.**

**Bankruptcy No. 85-2784.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 17, 1985.

John K. Olson, Tampa, Fla., for Interim Trustee.

Jawdet Rubaii, Clearwater, Fla., for Self and Some Creditors.

George Hadley, Interim Trustee.

ORDER ON TRUSTEE'S EMERGENCY MOTION FOR RECONSIDERATION OF ORDER APPROVING REQUEST FOR ELECTION OF TRUSTEE, TO REJECT PROXIES AND REQUEST FOR EXPEDITED HEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 Stockbroker Liquidation case and the matter under consideration is an Emergency Motion for Reconsideration of an order which was heretofore entered by this Court which approved a request for election of a trustee. The Motion also seeks an order rejecting the proxies filed in this case and requested an expedited hearing. The Motion was filed by George Hadley, the interim trustee heretofore appointed by this Court as soon as the case was converted from a Chapter 11 to Subchapter III of Chapter 7 of the Bankruptcy Code.

Pursuant to the request for an expedited hearing, this Court scheduled a hearing on telephonic notice to counsel for the interim trustee and also to Mr. Jawdet Rubaii, the attorney who filed the request to hold an election at the § 341 Meeting now scheduled to be held on December 23, 1985. At the emergency hearing the Court heard argument of counsel and, having considered the record, finds as follows:

On November 20, 1985 this Court entered an order on an Emergency Motion to Convert and an order approving the Examiner's Report. This order provided, inter alia, that GIC's Chapter 11 petition shall be dismissed and the case shall be converted to a Chapter 7, Subchapter III Stockbroker Liquidation case. The order also provided that George Hadley shall be appointed pursuant to § 701 of the Bankruptcy Code as interim trustee and qualify by posting a bond in favor of the United States within 5 days in the penal sum of $2,500,000. The order also provided that the Meeting of Creditors shall be held on December 18, 1985, commencing at 10:00 a.m. George Hadley qualified in due course and assumed the interim administration of the estate and applied for and obtained authority to engage the services of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. to represent the interim trustee in this proceeding under general retainer.

The order of conversion also provided, however, that if the creditors desire to request an election of a trustee at the § 341 Meeting, such request shall be made in writing and filed with the Court 7 business days prior to the scheduled Meeting of Creditors and the request must be accompanied by a schedule stating the names and addresses of the creditors together with the amount of their respective claims which are allowable, unsecured, undisputed, fixed, and liquidated—the type of claims which are entitled to distribution under § 726 of the Bankruptcy Code.

On November 25, 1985 Mr. Jawdet Rubaii, on behalf of various creditors, filed a motion and sought an order correcting certain portions of the November 20th order which dealt with the creditor's right to hold an election. The motion was based on the proposition that there is no requirement in the Bankruptcy Code that the request for election must be made. It is also alleged in the motion that there is no requirement in the Bankruptcy Code that a list of the names and addresses of creditors must be submitted prior to the § 341 Meeting and to require all creditors who desire to hold an election to do so is unnecessarily burdensome.

On December 4, 1985 this Court entered an order, ex parte, on the Motion for Reconsideration which order provided, inter alia, that none of the points raised by Mr. Rubaii has any merit. For this reason, the Motion was denied. On the same date this Court also entered an order on the Re-

newed Request for Election filed by Mr. Rubaii which provided that only creditors who may vote and who hold at least 20% in amount of the claims which are allowable and undisputed, fixed and liquidated, and which are entitled to distribution under § 726 of the Bankruptcy Code may request an election and, therefore, this Court denied the Renewed Request for Election filed by Mr. Rubaii.

On December 9, 1985 Mr. Rubaii filed an Emergency Motion for Approval of Request for Election and requested an hearing. On December 11th this Court entered an order and approved the request for election of a trustee, which order provided as follows:

No vote for the election of a trustee will be certified to the Court unless there is a full compliance with § 702 of the Bankruptcy Code and Bankruptcy Rule 2003 and 2006. The order further provided that the holder of any allowable, undisputed, fixed, and liquidated claims shall not designate another person to request the election for the trustee or to vote for the election of a trustee unless there is on file with the Clerk's Office a Proof of Claim, a duly executed power of attorney and a proxy authorizing the person other than the holder of each claim to vote the claim. The order also provided that all powers of attorney and proxies shall be filed in the Clerk's Office not later than the close of business Wednesday, December 18th.

The present Motion under consideration is filed by, as noted earlier, the interim trustee and is directed to the order of this Court which authorized the election of a trustee at the § 341 Meeting. The interim trustee contends that Mr. Rubaii improperly solicited proxies in direct violation of Bankruptcy Rule 2006(d) which prohibits an attorney to solicit proxies or any solicitation on behalf of an attorney. Based on these grounds, the interim trustee urges that all proxies filed by Mr. Rubaii should be rejected because Mr. Rubaii is an attorney and the solicitations by Mr. Rubaii were on behalf of Mr. Anthony Battaglia who is an attorney who was to serve as the permanent trustee if the creditors are willing to authorize Mr. Rubaii to cast their vote in favor of Mr. Battaglia. The Motion of the interim trustee also alleges that there were oral solicitations made by certain parties, at the urging of Mr. Rubaii, in violation of the express prohibition of Bankruptcy Rule 2006 which requires that all solicitation must be in writing.

Based on the foregoing and some other allegations, the interim trustee requested this Court to reconsider the previous order which approved the request for an election, requested a determination that all proxies solicited by Mr. Rubaii were solicited illegally and in violation of Bankruptcy Rule 2006, to determine that since a sufficient number have not requested an election, no election shall be authorized, to determine that no election of trustee shall be made at the Meeting of Creditors, and grant such other further relief as appears to be just.

While this Court received no testimony, it is clear and is without dispute that Mr. Rubaii is a practicing attorney. It is equally clear that Mr. Battaglia is also an attorney. It is quite evident that all the votes were solicited by an attorney on behalf of an attorney. In light of this fact, Mr. Rubaii urges, however, that he also happens to be a creditor and, therefore, he should not be prohibited to solicit proxies as a creditor. This contention, while at first blush has some appeal, does not hold up under close analysis for the following reasons:

The letter of solicitation sent by Mr. Rubaii was on his legal stationery. The letter was written by Mr. Rubaii clearly without doubt as an attorney and not as a creditor. The letter is addressed to investors and states, inter alia, that Mr. Rubaii has six years experience as a bankruptcy attorney and trial lawyer and he claims to represent over sixty-seven creditors in this case which led him to search for a person who has both the ability and desire to serve as a trustee. It would be nothing short of sheer sophistry to contend that this was not a solicitation by an attorney.

There is not a single mention or reference made to his being a creditor and it takes no great imagination to conclude that the recipient would not have any doubt that the letter came from an attorney and not a creditor. Whether the fact that a creditor in the case also happens to be an attorney certainly would not deprive that creditor from properly soliciting proxies. This is not the case when the reverse is true and the solicitation is made as an attorney and not solely as a creditor who happens to be an attorney.

Be that as it may, this point is not of great significance at this point because this Court is satisfied that the interim trustee has no standing to challenge the creditor's right to hold an election and, therefore, the Emergency Motion to that respect will be denied with the proviso, however, that it shall not be inferred that the entry of this order in any way determines the propriety of the election or the propriety of the right to cast any proxy votes at the election to be held at the § 341 Meeting. On the contrary, in order to avoid any further misunderstanding in this case, it is clear that the election can only be certified as valid if requested by creditors who have a properly filed Proof of Claim on file to which no objection has been interposed and who under § 702 are entitled to cast a vote. In addition, any creditor who intends to vote a claim other than his own, must fully comply with all provisions of Bankruptcy Rule 2006.

In light of these late developments, this Court is satisfied, however, that the previous order which fixed the bar date to file the proxy statement with this Court may be changed and is, therefore, extended and such statement must be filed on or before 5:00 p.m. Thursday, December 19, 1985. While this Court is satisfied that this record ordinarily would not justify the authorization of an election for reasons stated above, this Court is equally satisfied, however, in order to assure that the creditors are not disenfranchised and they are permitted to cast their vote for a permanent trustee, that it will authorize the election to proceed with the proviso and full understanding that neither the propriety of holding the election nor the ultimate result of the election is prejudged and certified and will not be accepted by this Court unless the entire process was done in full compliance with the applicable provisions of Rule 2006 and § 702 of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Emergency Motion for Reconsideration of Order Approving Request for Election of Trustee and To Reject Proxies be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that all proxies filed by Mr. Jawdet Rubaii be, and the same are hereby, disallowed.