**In re BRENT INDUSTRIES, INC., Debtor.**

**Bankruptcy No. L88–00886W.**

United States Bankruptcy Court, N.D. Iowa.

Jan. 4, 1989.

Habbo G. Fokkena, Allison, Iowa, for debtor.

James C. Dunbar, Waterloo, Iowa, for petitioning creditors.

Donna P. Lesyshen, Waterloo, Iowa, Trustee.

## MEMORANDUM AND ORDER Re:
### Election of Trustee
MICHAEL J. MELLOY, Chief Judge.

The matter before the Court is the contested election of a trustee in the above case. A hearing was held on December 15, 1988, concerning the disputed election. The following appearances were entered: Debtor—Attorney Habbo G. Fokkena; U.S. Trustee—Assistant United States Trustee Kristin Davis; Interim Trustee—Attorney Donna Lesyshen; Various creditors and proposed permanent trustee—Attorney James C. Dunbar.

## BACKGROUND AND FINDINGS OF FACT

This case was originally commenced as an involuntary petition on June 1, 1988. Attorney James C. Dunbar filed the involuntary petition on behalf of J–Star Industries, Inc., Fastenal Company of Winona, Minnesota, and Trucker Publishing. Prior to the trial on the involuntary complaint, the Debtor consented to the entry of an Order of Relief. That Order was entered on October 25, 1988. The Order for Relief provided that the First Meeting of Creditors to be held pursuant to § 341(a) of the Bankruptcy Code was to be held on November 28, 1988, and that Donna P. Lesyshen was appointed interim trustee. Ms. Lesyshen is a member of the Trustee Panel established and supervised by the office of the United States Trustee.

At the First Meeting of Creditors held on November 28, 1988, the interim trustee, Donna Lesyshen, acted as the presiding officer. Attorney James C. Dunbar appeared at the First Meeting of Creditors and delivered to the presiding officer a Statement of Compliance under Bankruptcy Rule 2006, Verified List of Proxies and Verified Statement of Pertinent Facts. The verified statement of pertinent facts recited that Attorney Dunbar had solicited and obtained proxies from various creditors and that he intended to vote those proxies at an election of trustee to be held pursuant to Bankruptcy Code § 702. Attached to the verified statement was a copy of a letter of solicitation dated November 10, 1988, which was evidently sent by Attorney Dunbar to many, if not all, creditors of the Debtor.

Attorney Dunbar also delivered to the interim trustee at the First Meeting of Creditors the various proxies or "general power of attorney" signed by creditors authorizing Attorney Dunbar to vote for a trustee pursuant to 11 U.S.C. § 702(a). Each general power of attorney contained

a line for the creditor to indicate the amount of each creditor's claim. The various general powers of attorney indicate claims totalling $328,989.76. It is undisputed that claims totalling that amount are in excess of 20 percent of the total outstanding unsecured claims.

A review of the claims' register maintained by the Clerk of the Bankruptcy Court shows that only one claimant who had delivered a power of attorney to Attorney Dunbar had also filed a proof of claim prior to the First Meeting of Creditors. Wilton Corporation filed a proof of claim on June 5, 1988, in the amount of $11,073.98. Six creditors who provided Attorney Dunbar with a power of attorney filed proofs of claim subsequent to the First Meeting of Creditors, while another six creditors have yet to file a formal proof of claim.

It is alleged that one of the creditors Mr. Dunbar represents may be the beneficiary of a preferential transfer. However, there was no evidence or testimony presented at the hearing in support of that allegation. Mr. Dunbar advises that he is unaware of any preference that his client may have received.

The office of the United States Trustee has recommended that the election of James C. Dunbar as permanent trustee not be approved for the following reasons.

1. The creditors whose claims were voted by Attorney Dunbar at the First Meeting of Creditors had not filed a proof of claim or writing setting forth facts evidencing a right to vote pursuant to Bankruptcy Rule 2003(b)(3).

2. The proxies were solicited by Attorney Dunbar. Bankruptcy Rule 2006(d) specifically prohibits solicitation by or on behalf of an attorney at law.

3. Attorney Dunbar failed to file with the Clerk of the Bankruptcy Court a verified list of the proxies to be voted and a verified statement of the pertinent facts and circumstances in connection with the execution and delivery of such proxies prior to the date of the First Meeting of Creditors as required by Bankruptcy Rule 2006(e). The United States Trustee's office also argues that the statement which was delivered to the interim trustee at the First Meeting of Creditors is not adequate even if the statement had been timely filed with the Clerk's office.

4. The United States Trustee's office argues that the letter of solicitation which was attached to the verified statement delivered to the interim trustee at the First Meeting of Creditors does not contain adequate and sufficient information and is therefore an improper solicitation.

5. The United States Trustee's office believes that Attorney Dunbar is not qualified to serve as trustee for the reason that he may have a potential conflict of interest if, as alleged, J–Star Industries, one of Attorney Dunbar's clients, received a preferential transfer prior to the filing of bankruptcy petition.

## CONCLUSIONS OF LAW AND DISCUSSION

A review of the applicable code sections, bankruptcy rules and case law, leads this Court to the conclusion that based upon all of the facts and circumstances that the election of James C. Dunbar as permanent trustee must be disapproved. The Court makes this conclusion with some reluctance, since it does appear to be a philosophy of the drafters of the Bankruptcy Code that there be creditor participation in the administration of bankruptcy cases. This is one of the very few elections of a Chapter 7 trustee in this District since the Bankruptcy Code of 1978 was adopted. By this ruling, this Court does not wish to squelch creditor participation nor give the impression that the Court has any philosophical problem with the election of trustees. Rather, the Court believes that active creditor participation is to be encouraged and in a case where the procedures are properly followed, the Court would have no hesitancy about approving the election of a permanent trustee.

The problem the Court finds with this case is the number of violations of the applicable statute and rules. Various courts have held that harmless deviation from the requirements of Bankruptcy Rule

2006 are insufficient to invalidate the election of a trustee. *In re Metro Shippers, Inc.,* 63 B.R. 593 (Bankr.E.D.Pa.1986). Likewise, the mere suspicion of a preference, as in this case, is insufficient to disqualify a creditor from voting at the election of a trustee. *In re Metro Shippers, Inc.,* 63 B.R. at 599; *In re Cohoes Indus. Terminal, Inc.,* 90 B.R. 67, 70 (S.D.N.Y. 1988). However, there are numerous and more serious violations of Bankruptcy Code and Bankruptcy Rules in this case.

The most difficult problem the Court must face is the clear prohibition of Bankruptcy Rule 2006 against solicitation by an attorney at law. A review of that rule, as well as comments to the rule, shows that the drafters of the Bankruptcy Rules made a very conscious and deliberate decision to prohibit solicitation by attorneys. While the solicitation by attorneys was not deemed to be a ground to invalid the election of a trustee in the case of *In re Metro Shippers, Inc., supra,* the court did note that the creditors who had been solicited by the attorney in that case were or had been clients of the office of the soliciting attorney. There is no allegation that any of the creditors who granted to Attorney Dunbar a power of attorney had been or were his clients, other than the one creditor who was among the group of petitioning creditors in the involuntary proceeding.

A second troubling problem is the failure to file timely proofs of claim. Bankruptcy Rule 2003(b)(3) provides that a creditor is entitled to vote at a meeting of creditors only if at or before the meeting the creditor has filed a proof of claim or writing setting forth facts evidencing a right to vote pursuant to Bankruptcy Code § 702(a). As indicated above, the only creditor who had filed a proof of claim at or prior to the First Meeting of Creditors was Wilton Corporation, which had filed a proof of claim in the sum of $11,073.98. Thus, it is clear that under Bankruptcy Rule 2003, the other ten claimants upon whose behalf Attorney Dunbar voted their claims were not authorized to vote at the First Meeting of Creditors.

■ The Court specifically finds that the notation on the power of attorney as to the amount of each claim is insufficient to meet the requirements of Bankruptcy Rule 2003(b)(3). Not only is that notation not in conformance with the official rules and forms for filing a proof of claim, but there is insufficient documentation to support any claim. The notation on the power of attorney does not even indicate whether the claim is secured, unsecured, priority or administrative. Only unsecured creditors are allowed to vote on the election of a trustee pursuant to Bankruptcy Code § 702(a)(1). Consequently, less than 20 percent of the unsecured claims voted for the election of Mr. Dunbar as permanent trustee. There are insufficient votes to elect Mr. Dunbar pursuant to § 702(b) of the Bankruptcy Code.

■ The Court is further troubled by the fact that the Attorney Dunbar failed to file the verified list of proxies and statement of the facts concerning the proxy solicitation prior to the First Meeting of Creditors. Attorney Dunbar argues that delivering the statement to the interim trustee at the First Meeting of Creditors is the functional equivalent of filing with the Clerk of the Bankruptcy Court. The Court must categorically reject this assertion. Creditors and attorneys routinely send numerous documents to trustees. Those trustees are not acting as agents of the Clerk of the Bankruptcy Court and this Court must reject any argument that the delivery of a document to a trustee is the same as filing that document with the Clerk of the Bankruptcy Court.

It should also be noted that the interim trustee is not acting as the agent of the Clerk's office when conducting the First Meeting of Creditors. Section 341 specifically provides that "the United States Trustee shall convene and *preside* at" the meeting of creditors (emphasis added). The interim trustee is appointed by the United States Trustee and serves as the United States Trustee's designated agent for purposes of conducting the First Meeting of Creditors. The Clerk's office does not preside at the First Meeting of Credi-

tors nor is there any representative of the Clerk's office at the First Meeting of Creditors.

If there had only been one or possibly two violations of Bankruptcy Rule 2006, the Court might be more inclined to overlook those violations in the spirit of creditor participation in Chapter 7 cases. However, taking into consideration the totality of the circumstances and also taking into consideration the fact that the person elected as permanent trustee represents a creditor, leads this Court to the conclusion that the election should be disapproved. While a creditor or an attorney for a creditor is not per se disqualified from acting as trustee, such situations require the Court to subject such elections to particularly close scrutiny. 4 *Collier on Bankruptcy*, ¶ 702.07 (15th ed. 1988).

In making this determination, the Court is in no way implying that Mr. Dunbar is not personally qualified to act as a trustee. In fact, the Court would be very comfortable in having Mr. Dunbar act as trustee in a case where the solicitation and election had been properly held. Mr. Dunbar is an experienced attorney and has extensive background in bankruptcy practice. However, under the facts of this case, the Court believes that it has no choice but to disapprove Mr. Dunbar's election as permanent trustee.

The Bankruptcy Code provides that in the event there is not a valid election of a permanent trustee at the first meeting of creditors that the interim trustee will automatically be appointed to serve as the permanent trustee in a case. 11 U.S.C. § 702(d).

### ORDER

IT IS THEREFORE ORDERED that the election of James C. Dunbar as permanent trustee is disapproved.

IT IS FURTHER ORDERED that the interim trustee, Donna P. Lesyshen, is herewith appointed and approved as the permanent trustee.

ORDERED.