**In re NEW YORK PRODUCE AMERICAN & KOREAN AUCTION CORPORATION, d/b/a A & K Produce, Debtor.**

**No. 88 B 10197 (BRL).**

United States Bankruptcy Court, S.D. New York.

Oct. 5, 1989.

Robert P. Herzog by Robert P. Herzog, New York City, for movants-creditors.

Marc Stuart Goldberg, P.C. by Marc Stuart Goldberg, New York City, Trustee pending resolution of election dispute.

## MEMORANDUM DECISION ON MOTION FOR SUMMARY JUDGMENT REGARDING DISPUTED ELECTION CONTROVERSY

BURTON R. LIFLAND, Chief Judge.

### BACKGROUND

On January 29, 1988, an involuntary Chapter 7 petition was filed by the Tom Lange Co., Landberg Marketing, Inc. and L & P Fruit Corp. (the "Movants," including L & P Vegetable Corp.) against New York Produce & Korean Auction Corp., d/b/a A & K Produce, the Debtor herein. Inexplicably, the Debtor subsequently filed a voluntary Chapter 11 petition which was dismissed on April 8, 1988. The involuntary

petition was converted to Chapter 11 on April 8, 1988.

On June 29, 1989, this Court, for cause, entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7. Soon thereafter, the United States Trustee appointed Marc Stuart Goldberg as interim trustee. Subsequently, based upon this election controversy, Mr. Goldberg is currently acting as the trustee in the case (the "Trustee").

At the first scheduled meeting of creditors, a request for an election of a permanent trustee was made by Robert P. Herzog, Esq. Mr. Herzog presented copies of filed proofs of claims in the following dollar amounts with powers of attorney that run to himself:

| A. | Tom Lang Company, Inc. | $169,490.69 |
|----|------------------------|-------------|
| B. | Landberg Marketing, Inc. | $ 57,792.05 |
| C. | L & P Fruit Corp. | $ 48,816.00 |
| D. | L & P Vegetable Corp. | $ 2,472.00 |

$278,570.74

According to the schedules filed by the Debtor, unsecured debt without priority totaled $348,151.64.

The U.S. Trustee's office was unable to determine whether the claimants who sought to vote for a candidate for trustee held allowable, undisputed, fixed, liquidated claims against this Debtor and do not hold an interest materially adverse to the interest of creditors of this estate pursuant to § 702(a) of the Bankruptcy Code (the "Code"). Although the aforementioned claimants have filed unsecured claims, Mr. Herzog indicated that his clients wished to reserve their Trust beneficiary rights pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. 499a et seq. ("PACA"). The U.S. Trustee maintained that PACA trust funds are not funds of this estate. Thus the U.S. Trustee asserted that if this Court were to declare that the putative property of this Debtor is not property of the estate, the claimants would not be creditors of this estate. However, if the claimants were to be allowed creditor status, they would be "special creditors" with interests adverse to the interests of other creditors. (*See*, Report of Election Controversy at ¶ 7(A)).

Pursuant to § 702(a) of the Code, a creditor may vote for a candidate for trustee only if such creditor

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

Moreover, § 702(b) requires that creditors who wish to elect a permanent trustee must hold at least 20% of the amount of claims specified in subsection (a)(1) of Section 702. Finally, Bankruptcy Rule 2003(b)(3) provides in pertinent part as follows:

> *Right To Vote.* In a chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face.

Because of the dispute herein, the U.S. Trustee's office explained to all parties that an election could not be certified pursuant to § 702 of the Code and Bankruptcy Rule 2003, and that a report of election controversy would be prepared and filed with this Court. Mr. Herzog nominated and voted for Philip R. Mann to displace the interim trustee. There were no other requests for an election, and there were no other nominations. The parties who attended the 341 meeting were advised that until such time as a decision is made by this Court regarding this election and the trustee has qualified, the interim trustee will continue to serve as the trustee in this case.

By motion dated August 22, 1989, the Movants, through Mr. Herzog as counsel, applied to resolve the disputed election. Subsequently, on August 23, 1989, the United States Trustee filed with this Court

its Report Of Election Controversy pursuant to 28 U.S.C. 586(a)(3) and Bankruptcy Rule X–1006(c). Thereafter, on August 29, 1989, the Trustee filed his response to the Movants' motion for resolution of the disputed election.

Rather than simply participating in their own motion to resolve the election controversy, on September 1, 1989, the losing parties separately moved for summary judgment within the framework of that pending motion. As a result, this Court now has two motions on its docket concerning the same controversy. The prospect of a successful preemptive dispositive separate summary judgment motion was minimal. Nothing prevented the Movants from raising a standing issue at the hearing on their original motion. In this regard, Movants now request an order pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Federal Rules") and Bankruptcy Rule 7056, for judgment summarily dismissing the Report of Disputed Election on the ground that an interim trustee lacks standing, constitutionally and statutorily [1]; that Movants lack any interest materially adverse to the Debtor's estate; and directing the entry of an order confirming the election of Philip R. Mann as the trustee in bankruptcy of the Debtor, elected as such in accordance with the applicable provisions of the Code.

Movants allege in their Statement pursuant to Local Bankruptcy Rule 13(h) (the "13(h) Statement") that in addition to being general unsecured creditors of the Debtor, Movants "also enjoy a statutorily conferred status under 7 U.S.C. 499e(a) to (c) as *cestui que* beneficiaries of accounts receivable or the proceeds thereof arising out of the Debtor's sale of perishable agricultural commodities." (Movant's 13(h) Statement at ¶ 9). Movants allege that the schedules of the Debtor filed herein allege under oath that no property in the nature of accounts receivables are owned or held by the Debtor. Thus, Movants maintain that no PACA related accounts receivables exist and therefore, Movants do not hold or have any materially adverse interests to the Debtor's estate. Movants allege that the only filed claims against the Debtor found in the records of this Court on August 21, 1989, other than those of the movants, are four priority claims of Governmental entities. Moreover, Movants allege that they hold allowable, undisputed, fixed, liquidated and unsecured claims of a kind entitled to distribution as provided in § 702(a)(1) of the Code. They allege that their claims are not subject to dispute and the interest and claims of the Movants are not materially adverse to the estate. The Movants also maintain that they are creditors of the estate holding at least 20% in amount of the total claims as are entitled to vote and elect a trustee under the Code. Finally, Movants argue that the only objection to the election of Philip R. Mann was interposed by the Trustee who is without an actual or threatened injury of any kind and accordingly lacks standing, both "constitutionally and statutorily", to contest or object to the claims and the election of a successor trustee. *Id.* at ¶¶ 10–17.

In contrast, the Trustee states that the objections asserted to the trustee election are both those of the Office of the United States Trustee, (*See*, Report of Election Controversy), and himself, both parties in interest. The Trustee asserts reactively that both he and the U.S. Trustee enjoy standing constitutionally and statutorily to contest or object to the claims of Movants and the election of a successor trustee. It should be noted that Movants have not

---

**1.** No specific Article of the Constitution or reference to the constitutionality of any particular statute is mentioned or has been called into question. Nor have Movants cited any authority or even attempted to argue such a proposition in either their papers or at the hearing. Under circumstances where the Constitution is *truly* called into question, 28 U.S.C. § 2403(a) would be triggered whereby "the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence … and for argument on the question of constitutionality." However, it is clear in this instance that Movants are not seriously raising constitutional issues in their motion but are rather interjecting color into their papers in order to assert that their position has merit. No certification to the Justice Department is warranted under the circumstance.

raised the issue of the U.S. Trustee's Office to contest or object to the election.

Moreover, the Trustee asserts that representative of the conflict between Movants and the general unsecured population of the Debtor is the litigation commenced by three of the four Movants (exclusive of L & P Vegetable Corporation), together with Calhoon Farms Packing, Inc. against Korean Commercial Bank, the alleged secured creditor of the estate and Edward Kim, its principal. That action, commenced in the U.S. District Court for the Southern District of New York on August 1, 1988, subsequent to the involuntary filing herein alleges, *inter alia*, that by reason of their status as PACA creditors, the plaintiffs in that action are entitled to proceed against all of Kim's assets as well as Korean Commercial Bank's assets to the extent that those assets were Debtor's accounts receivable or the proceeds therefrom. Consequently, the Trustee asserts that this claim asserted by the Movants would disgorge from those unsecured creditors, not enjoying the status of PACA creditors, the benefits which might otherwise be recoverable and enjoyed by creditors of the estate pursuant to Chapter 5 of the Code. The Trustee further asserts that such a "constructive trust" claim would have the direct impact of segregating for the PACA claimants only, those funds which might otherwise be reachable by a trustee of the estate. Thus, it appears that the Trustee and the PACA creditors have competing interest in assets either in the possession of the Debtor or which have been disposed of in favor of the Korean Commercial Bank, Edward Kim or others. In view of the aforementioned assertions, the Trustee argues that the Movants are adverse to the interests of unsecured creditors and therefore do not enjoy the right to vote for a trustee pursuant to § 702 of the Code. Furthermore, the Trustee maintains in his 13(h) Statement that there are material facts to which there exist genuine issues to be tried as to whether the Movants hold and/have interests materially adverse to the estate; whether the Movants hold allowable, undisputed, fixed, liquidated and unsecured claims of a kind entitled to distribution as provided in § 701(a)(1) of the Code; whether the Movants' claims are subject to dispute and whether the claims are materially adverse to the estate; and whether the Movants are creditors of the estate holding at least 20% in amount of the total claims entitled to vote and to elect a trustee under the Code. (*See* Trustee's 13(h) Statement). Thus, the Trustee requests that Movants' motion for summary judgment be denied as there are material issues of fact to be determined and that the Trustee be authorized to engage in discovery respecting the claims of Movants.

## ISSUES

1) Whether an interim trustee has standing under the Code to object to creditor's voting claims in a election; and

2) Whether the Movants' claims are subject to dispute and whether the claims are materially adverse to the estate.

## DISCUSSION

1) *Whether an interim trustee has standing under the Code to object to creditor's voting claims in a election.*

 Although Movants do not question the standing of the U.S. Trustee to contest the election of a successor trustee, since the Trustee's 13(h) Statement raises the issue, the matter must be addressed. It cannot be disputed that the U.S. Trustee has standing to contest or object to the election of a successor trustee. "The U.S. Trustee in the exercise of his administrative duties should not be compelled to certify the election of a proposed trustee where there is sufficient concern for the full administration of the estate in the best interests of creditors." *In re Kam Kuo Seafood Corp.*, 42 B.R. 558, 560 (Bankr.S.D.N.Y.1984).

The election of a permanent Chapter 7 Trustee is governed by § 702(a) of the Code and Bankruptcy Rule 2003(b)(3). However, neither one addresses the issues of who has standing to object to the results of an election. *In re NNLC Corp.* 96 B.R. 7, 9 (Bankr.D.Conn.1989). Since the U.S. Trustee was unable to certify the election

based upon its own uncertainty with respect to Movants' eligibility to vote pursuant to § 702(a)(1) of the Code, the issue as to whether an interim trustee has standing to contest or object to an election may perhaps be moot. However, in view of the fact that the Trustee's objection raises issues not dealt with in the U.S. Trustee's Report of Election Controversy, the matter of whether his appointee, the interim trustee, has standing in this instance must nevertheless be addressed.

Movants, relying on *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), argue "that in order to have standing a party must always have suffered a distinct and culpable injury to himself that is likely to be redressed if the relief is granted." (Movants' Memorandum of Law at 2.) Further, Movants maintain that "[w]here a person's claim rests on a statutory provision, the standing question is whether such provision can properly be understood as granting persons in the party's position a right to judicial relief." *Id.* Movants assert that two cases which conclude that an interim trustee has standing to raise objections fail to review in depth or to consider at length the legislative history relating to the status of interim trustees. *See, In re Metro Shippers, Inc.*, 63 B.R. 593 (Bankr.E.D.Pa.1986); *In re Poage*, 92 B.R. 659 (Bankr.N.D.Tex.1988). *Contra, In re G.I.C. Gov't Sec., Inc.*, 56 B.R. 105 (Bankr.M.D.Fla.1985). Thus, relying on the legislative history of the Code, Movants conclude that since under the Bankruptcy Act a receiver had no standing to object or to participate in an election of a bankruptcy trustee, an interim trustee is similarly limited.

However, Movants overlook a recent decision by Judge Buschman, *In re Sandhurst Securities, Inc.*, 96 B.R. 451 (S.D.N.Y.1989) which, in dealing with the issue of whether a candidate for election to a trusteeship in Chapter 7 has standing to bring on a motion for resolution of election of trustee controversy, adopts the position that an interim trustee does have such standing. Judge Buschman, in holding that a candidate for election lacked standing, stated that "there are significant poli-

cy reasons for limiting standing to entities having a stake in bankruptcy case and interim trustees who represent the estate itself." *Id.* at 457 (citing *In re Carla Leather, Inc.*, 50 B.R. 764, 772 (Bankr.S.D.N.Y.1985)). The court further stated as follows:

> Particularly in small estates, [interim trustees] are best able to ascertain initially whether a creditor having a material interest adverse to the estate, 11 U.S.C. § 702(a)(2), or an insider, 11 U.S.C. § 702(a)(3), seeks to vote.

*Id.*

This Court agrees with this analysis which comports with the more recent line of case holding that an interim trustee has standing to challenge the eligibility of a creditor to vote. *See, In re NNLC Corp.*, 96 B.R. at 9; *In re Poage*, 92 B.R. 659 (Bankr.N.D.Tex.1988); *In re Metro Shippers, Inc.*, 63 B.R. 593 (Bankr.E.D.Pa.1986).

"The interim trustee is considered a trustee under title 11 and his appointment is designed to protect the assets of the estate and to insure continuity of administration of the estate before qualification of the regularly elected or designated trustee." 4 *Collier On Bankruptcy*, § 7.01.01 at 701–02 (15th ed.1988). The interim trustee, an in place fiduciary, "is the optimal party to object to a creditor's claim for voting purposes since he is the representative of the estate and the purpose behind § 702 voting restrictions is to protect the bankruptcy estate." *In re NNLC Corp.*, 96 B.R. at 9 (quoting *In re Poage*, 92 B.R. at 666).

In the *Metro Shippers* case, *supra*, the court held that an interim trustee does have standing based on a different rationale than the *NNLC Corp.* and the *Poage* cases, *supra*. The court in *Metro Shippers* stated that the interim trustee does have standing because he "has ostensibly lost the opportunity to administer [the case] and with it the possibility to earn commissions. Due process would seem to require that he has standing to challenge any defects in the process by which these rights

were lost." *Id.* at 598. This Court, recognizing from the facts developed here, that other than the interim trustee, there is no other party to the election process positioned to screen potential abuse through estate administration by material adverse interests, therefore, we find correct the rationale of the *NNLC Corp.* and the *Poage* courts in holding that an interim trustee does have standing to challenge the eligibility of a party to vote. Indeed, at the argument Movants' Counsel conceded that a court, learning of a possible materially adverse interest from any source, may *sua sponte* determine the outcome of a trusteeship election. However, without the aid of a fiduciary, such as the interim trustee or other parties in interest, to alert a court of the possibility that a creditor has a material interest adverse to the estate, it would almost be impossible for a court to monitor such elections on its own.

In accordance with the foregoing analysis, this Court holds that the Trustee does have standing to challenge the Movants' eligibility to vote in the election for the appointment of a permanent trustee in the case.

2) *Whether the Movants' claims are subject to dispute and whether the claims are materially adverse to the estate.*

▮ "The purpose behind the § 702 voting restrictions is to prevent the election of a trustee who will not protect the interest of all the creditors." *In re Poage,* 92 B.R. at 666; *see, In re Ira Haupt & Co.,* 379 F.2d 884, 892 (2d Cir.1967). "Paramount to consideration of a challenge to the election of a trustee is the welfare of the estate itself." *In re Poage,* 92 B.R. at 666 (quoting *In re Kam Kuo Seafood Corp.,* 42 B.R. at 560); *see also, In re Russo,* 18 B.R. 257 (Bankr.E.D.N.Y.1982). Neither the Code nor the Bankruptcy Rules provide a definition of the phrase "interest materially adverse" used in § 702(a)(2). The legislative history, however, indicates that a court is required to balance the competing factors in any specific instance to make its determination. *In re NNLC Corp.,* 96 B.R. at 9–10; *see, In re Cohoes Indus. Terminal, Inc.,* 90 B.R. 67, 70 (S.D.N.Y.1988). *See*

*generally,* 4 *Collier on Bankruptcy* ¶ 702.01[2]; *see also,* H.R.Rep. No. 595, 95th Cong., 1st Sess. 378 (1977), *reprinted in* 1978 *U.S.Code Cong. & Admin.News* 5787, 5963, 6334; S.Rep. No. 989, 95th Cong., 2d Sess. 92–93 (1978), *reprinted in* 1978 *U.S.Code Cong. & Admin.News* 5787, 5878–79. Beyond the legislative history, there are few cases which provide examples of what constitutes an "interest materially adverse". *In re NNLC Corp.,* 96 B.R. at 10. The cases which have addressed the issue as to whether a creditor who has received a preference, for instance, "generally assume that such creditor's interest will be materially adverse to other creditors, provided that the claim of preference *is based on more than suspicion.*" *Id.* (emphasis added); *see, In re Lang Cartage Corp.,* 20 B.R. 534 (Bankr.E. D.Wis.1982); *In re Blesi,* 43 B.R. 45, 47 (Bankr.D.Minn.1984); *In re Cohoes Indus. Terminal, Inc.,* 90 B.R. at 70; *In re Metro Shippers, Inc.,* 63 B.R. 593, 598 (Bankr.E. D.Pa.1986). Thus, a standard can be derived from this line of cases that the objections interposed must be more than a suspicion. The *In re Poage* case, *supra,* also lends guidance in developing criteria for determining whether a voter is ineligible to vote based on "interest materially adverse" to the estate.

As Rule 3001(f) provides, a properly executed and filed proof of claim is prima facie evidence of the validity and amount of the claim. Such a claim is entitled to vote unless an objection is presented. Bankr.R. 2003(b)(3). If an objection is raised, it is incumbent upon the objecting party to present facts from which the court can reasonably conclude that after a sufficient time for discovery the objecting party could present evidence of equal probative force to that of the creditor's claim. If the objecting party satisfies this burden the claim should be disallowed for voting purposes unless the claimant presents sufficient facts from which the court could reasonably conclude that after a reasonable time for discovery, the claimant could prove the

validity and amount of his claim by a preponderance of the evidence. *In re Poage*, 92 B.R. at 665.

Based on the aforementioned analysis, in this instance it is clear that the objection interposed by the Trustee goes beyond mere suspicion. The Trustee's submission of several genuine issues of material facts rise to a level sufficient to require denial of Movants' summary judgment motion.

Federal Rule 56 states that summary judgment shall be granted to the moving party if the court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Pursuant to Local Bankruptcy Rule 13(h), the party seeking summary judgment is required to set out the material facts as to which no genuine issue exists and the opposing party is required to set out the material facts as to which it is contented that there exists a genuine issue to be tried. "[T]he court 'cannot try issues of fact but can only determine whether there are issues of fact to be tried.'" *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 244 (2d Cir.1984) (quoting *Empire Electronics Co. v. United States*, 311 F.2d 175, 179 (2d Cir.1962)); *Donahue v. Windsor Locks Bd. of Fire Commissioners*, 834 F.2d 54, 58 (2d Cir.1987) (quoting *Heyman v. Commerce & Industry Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975)).

This Court therefore finds that there are genuine issues of material fact to be tried as to whether Movants' claims are subject to dispute and whether the claims are materially adverse to the estate. Movants' motion for summary judgment is hereby denied. To the extent that the Movants are desirous of continuing to press their original motion, the Trustee is hereby authorized to engage in discovery respecting the Movants' claims.

It is so Ordered.