**In Re GOODWIN'S DISCOUNT FURNITURE, INC., Debtor.**

**NORWAY NATIONAL BANK, Plaintiff, Appellee,**

v.

**GOODWIN'S DISCOUNT FURNITURE, INC., Defendant, Appellant,**

and

**Small Business Administration, Party-In-Interest, Appellee,**

and

**Roderick R. Rovzar, Trustee, Defendant.**

No. 81-9053.

United States Bankruptcy Appellate Panel for the First Circuit.

Feb. 9, 1982.

David C. Hillman and Robert J. Keach, Verrill & Dana, Portland, Me., for defendant, appellant.

Thomas G. Leahy, Monaghan & Leahy, Portland, Me., for plaintiff, appellee.

Harlan J. Choate, Augusta, Me., for Small Business Administration on brief for party-in-interest, appellee.

Before LAWLESS, C. J., and VOTOLATO and GLENNON, JJ.

OPINION

LAWLESS, Chief Judge:

The Appellant, Goodwin's Discount Furniture, Inc. appeals two orders entered by the Bankruptcy Court for the District of Maine: the first, dated October 21, 1981, granted Norway National Bank's motion for relief from the automatic stay pursuant to 11 U.S.C. § .362, and the second, dated November 19, 1981, denied reconsideration of the earlier order.

On January 5, 1981, the Debtor Goodwin filed for reorganization under Chapter 11 of the Bankruptcy Code. On September 18, 1981, the Chapter 11 proceeding was converted to one under Chapter 7 [1] and a bankruptcy trustee was appointed pursuant to 11 U.S.C. § 15701(a). [2] Norway National Bank and the Small Business Administration ("S.B.A.") are secured creditors of the Debtor in virtually all of Debtor's assets. Said security interests secured a total debt owed to the bank and the S.B.A. of approximately $280,000.00.

On or about September 11, 1981, before the case was converted to "straight bankruptcy," the bank filed a complaint for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). After conversion to a case under Chapter 7 and the appointment of a trustee on September 18, 1981, the bankruptcy court, after notice and hearing, entered an order on October 21, 1981, granting relief from the automatic stay.

On October 30, 1981, the Debtor filed a motion for reconsideration of the October 21, 1981 order, and that motion was denied on November 19, 1981. Goodwin filed a notice of appeal with this Appellate Panel on November 27, 1981. After the Debtor's motion for stay pending appeal was denied by the bankruptcy court on December 9, 1981, the Debtor filed an emergency motion for stay pending appeal on December 10, 1981 together with a motion for leave to

---

1. This conversion to Chapter 7 was voluntary on the part of the debtor.

2. Section 15701 modifies 11 U.S.C. § 701 to conform to the United States trustee system in the Pilot Program.

appeal an interlocutory order. By orders of the Panel dated December 11, 1981 and December 30, 1981, the Appellate Panel denied the Debtor's motion for stay pending appeal. This order was reconsidered by the Panel and by order of January 19, 1982, all proceedings were stayed, including the sale scheduled for January 20, 1982, in furtherance of the enforcement of the bankruptcy court's orders of October 30, 1981 and November 14, 1981, granting relief from the automatic stay. On December 30, 1981, the Panel denied both the motion for enlargement of time for filing a motion for leave to appeal and the motion for leave to appeal. The Appellate Panel ordered an expedited appeal in the matter of the November 27, 1981 appeal pursuant to Rule 22 of the First Circuit Rules governing appeals from Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals.

The appellant asserts that the bankruptcy court's use of a "forced sale" method of valuation of the bank's collateral was improper and that the property should be valued at and liquidated by the most commercially reasonable method available. The appellant seeks to have the order granting relief from the stay vacated, or in the alternative to have the stay continued for a period of six months while the trustee and Debtor attempt to effectuate a sale of the collateral.

Since a trustee has been appointed in this Chapter 7 case, the immediate issue is whether the Debtor has standing to appeal the court's order granting relief from the automatic stay.

Under § 541 of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate consisting of all legal and equitable interests of the debtor in property at the time of the commencement of the case and subsequently acquired during the bankruptcy proceeding. The appointment of a trustee makes the trustee the representative of the estate. 11 U.S.C. § 323(a). In the case at bar the appellant is the Chapter 7 Debtor Goodwin, and not the trustee. Thus Goodwin is appealing an order pertaining to property in which it has no interest due to the passage of the Debtor's property interests to the trustee by operation of the Bankruptcy Code.

The Bankruptcy Act provided that a "person aggrieved" by a referee's order may petition the district court for review. 11 U.S.C.A. app. § 67(c). Whether an appellant is a "person aggrieved" is a question of fact. In re Capitano, 315 F.Supp. 105 (E.D.La.1970). Ordinarily under the Act a bankrupt was found not to be a "person aggrieved" because adjudication absolved the bankrupt of liability and he had no interest in the distribution of property of the estate since the bankrupt's property had passed to the trustee by virtue of the Bankruptcy Act. See, e.g., Imperial Bowl of Miami, Inc. v. Roemelmeyer, 368 F.2d 323 (5th Cir. 1966) (a Chapter XI corporate debtor who was subsequently adjudicated bankrupt [the Act parallel to the Code "conversion" to a Chapter 7 bankruptcy] and a prospective bidder were denied appellate review of an order confirming sale of certain of the bankrupt's assets); Hartman Corp. of America v. United States, 304 F.2d 429 (8th Cir. 1962) (a hopelessly insolvent bankrupt corporation and its principal stockholder denied appellate review of an order allowing a federal tax claim, because in order to be a "person aggrieved" one must be directly and adversely affected pecuniarily by the order appealed from); Edell v. DiPiazza, 345 F.2d 336 (5th Cir. 1960) (an appeal by the bankrupt individually of an order denying the trustee's turnover orders against certain of the bankrupt's creditors was denied because the only persons aggrieved were the general creditors as represented by the trustee); see also Manda v. Sinclair, 278 F.2d 629 (5th Cir. 1960) certiorari denied 364 U.S. 908, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960); Castaner v. Mora, 216 F.2d 189 (1st Cir. 1954); In re Henry Wood Sons Co., 279 F. 608 (D.C.Mass., 1922).

Here, the Debtor's liabilities exceeded its net assets by approximately $147,000.00 as of the date of filing of the Chapter 11 petition on January 5, 1981. After nine months of operating as a Debtor in possession, the Debtor abandoned its reha-

bilitation efforts and converted this case to Chapter 7. Hopelessly insolvent, this Debtor under the Act would have no standing to appeal orders allowing or disallowing claims or orders pertaining to the disposition of the estate's property because such orders would only serve to increase or decrease the dividend, if any, to the unsecured creditors. The trustee, as the representative of the unsecured creditors, would be the proper party to appeal such orders.

The First Circuit has held that "a bankrupt that has no hope of obtaining any return from its estate consistently has been held to lack standing to contest orders affecting the size of the estate." *In re J. M. Wells Inc.*, 575 F.2d 329, 331 (1st Cir. 1978). There are two exceptions to this general rule, neither of which apply to this Debtor. In *York Intern. Building, Inc. v. Chaney*, 527 F.2d 1061 (9th Cir. 1975) the court held that a debtor would have standing to appeal if a successful appeal would create an estate that has assets in excess of liabilities. It is incumbent upon the Debtor Goodwin to show that the order appealed from would directly and adversely affect the possibility of residual assets being available to the Debtor. The Debtor has failed to make such a showing, and it is clear that even if Goodwin were to prevail on this appeal no assets would be available for the Debtor or its shareholders. The second exception to the rule of *Wells, supra,* enumerated in *Abel v. Campbell*, 334 F.2d 339 (5th Cir. 1964), pertains to appeals taken from orders that affect the terms, conditions and extent of a debtor's discharge. Since a Chapter 7 corporate debtor does not receive a discharge of any of its unsatisfied obligations under the Bankruptcy Code,[3] Goodwin's argument that a successful appeal would reduce certain of its administrative expenses and priority claims is inapplicable and without merit.[4] In similar circumstances under the Bankruptcy Act, Goodwin would clearly have no right to appellate review.

The Bankruptcy Act's limitation of the right to appeal to a "person aggrieved" has not been incorporated in the Bankruptcy Reform Act of 1978. In fact, there is no indication in the Code as to the requisites for standing to appeal. However, there is no basis to conclude that Congress intended to alter the right to appellate review in the manner proposed by the appellant. *See* 1 Collier on Bankruptcy ¶ 3.03(6)(b) (15th ed. 1981).

■ The Act's limitation on the right to appellate review to those parties whose pecuniary interests were directly affected by a bankruptcy court's decision is the logical and necessary corollary of appellate standing in the bankruptcy context. The appellant has failed to show that in any reading of the record, funds may be available to pay out all expenses of administering the aborted Chapter 11 proceedings and the unsecured creditors. The trustee in bankruptcy, who is a party in interest, has chosen not to appeal. The Debtor seeks alternatively an order that the trustee operate for six months in an effort to get a higher price on sale. This the Panel refuses to order. In *In re Jewel Terrace Corp.*, 10 B.R. 1008 (E.D.N.Y.1981) the District Court, in concluding that the appellant did not have standing to appeal, said:

> The court is mindful that it has based its decision regarding Dynamo's standing on the basis of Section 39(c) of the Bankruptcy Act and that when Congress passed the new Bankruptcy Code, Section 39(c) with its "person aggrieved" wording was dropped from the statute. Regardless, this court believes that there must be a standard by which to gauge a person's right to appeal and it has therefore

---

3. 11 U.S.C. § 727(a)(1).

4. Indeed the schedules of Debtor here, show that the unsecured creditors at date of filing the original petition amounted to approximately $190,000.00 and the record shows that approximately $40,000.00 in expenses of administration have been accrued in the failed Chapter 11

proceedings. These expenses, while senior in order of priority of payment to the unsecured pre-petition creditors, are junior in payment to the expenses of administrating the Chapter 7 proceeding. Also, all pre-petition creditors must be paid in full before any surplus could revert to the Debtor.

adopted the "person aggrieved" standard used previously under the Act.

*Id.* at 1011 n.3.

The myriad of parties involved in a typical bankruptcy proceeding and the direct and indirect effect that each order and decision of a bankruptcy court has on the rights of these bankruptcy parties mandates that the right of appellate review under the Bankruptcy Code be delineated, defined and limited to those parties whose interests are directly affected.

The Debtor is without standing to pursue the appeal.

Accordingly, the stay of January 19, 1982 is vacated. The appeal is dismissed.