**In re Gordon L. BLESI, Debtor.**

**Bankruptcy No. 4–84–1227.**

United States Bankruptcy Court,
D. Minnesota.

Sept. 20, 1984.

Robert W. Gislason, and Ernest A. Lindstrom, Edina, Minn., for Melvin Evans.

Edward W. Bergquist, Minneapolis, Minn., for debtor.

Linn J. Firestone, of Larkin, Hoffman, Daly & Lindgren, Bloomington, Minn., Interim Trustee.

### ORDER CONFIRMING THE APPOINTMENT OF HOWARD MALMON AS TRUSTEE

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on Septem-

ber 14, 1984, on the motion of the creditor, Melvin Evans, for resolution of a dispute involving election of the trustee in this Chapter 7 liquidation proceeding. The question arises under 11 U.S.C. § 702 of the Bankruptcy Code. For the reasons outlined below, I am confirming the election of Howard Malmon as Trustee of this Chapter 7 case.

## FACTS

The Debtor is an individual. He is the major shareholder in the Blesi-Evans Co. by one share. Mr. Melvin Evans, the other stockholder in the Blesi-Evans Co., owns one share less than half of the stock.

Mr. Blesi and Mr. Evans were business associates in the privately held company of Blesi-Evans Co. for some years. A bitter dispute ensued, and Mr. Blesi and Mr. Evans became involved in a lawsuit in Hennepin County District Court which resulted in a judgment being entered against the Debtor on June 30, 1983, and amended July 2, 1984. The judgment was entered against the Debtor and the Blesi-Evans Co.

The judgment finds that Melvin Evans is entitled to judgment against the Debtor and the Blesi-Evans Co. jointly and severally, in the sum of $381,136. The Debtor is also personally liable for $250,000 to Melvin Evans. The judgment requires other actions to be done by the Blesi-Evans Co. and by the Debtor. Finally, and most importantly, the judgment requires that the Blesi-Evans Co. remain in business for two years from the date of the Hennepin County Court decision. An evaluation of the shares of the business shall be made, and at such time as the evaluation is completed, Mr. Blesi shall be entitled to have the first opportunity to buy Mr. Evans' shares. If he does not purchase the shares of Mr. Evans within one year, Mr. Evans may purchase Mr. Blesi's shares in the company at a price to be set by the evaluator within the next year.

Both parties have a material interest in the value of the stock of the Blesi-Evans Co. Both parties have an interest in how the Blesi-Evans Co. is managed.

On July 2, 1984, the Hennepin County District Court also occasioned a sale and distribution of some shares of stock owned by Gordon Blesi individually. These shares were to be sold for payment of Melvin Evans' attorneys fees. The shares had been pledged in lieu of a bond in the case. It appears that the stock sale was never accomplished due to the filing of the bankruptcy petition on July 16, 1984, by the Debtor.

On August 16, 1984, the first meeting of creditors was held pursuant to 11 U.S.C. § 341 of the Bankruptcy Code. Two creditors were present. These creditors were Mr. Melvin Evans and Mr. Al Nettles. Mr. Melvin Evans voted for the election of Mr. Howard Malmon as Trustee. Mr. Nettles voted for the election of Mr. Linn Firestone. Mr. Melvin Evans had filed a claim of over $541,000 in the case. This claim represents the judgment amounts plus interest, costs, and attorneys fees. Mr. Al Nettles' claim is for $6,500 for attorneys fees owed to him by the Debtor. There are very few unsecured creditors. The bankruptcy schedules of the Debtor list seven unsecured creditors. If Melvin Evans' attorney's claims are included with those of Mr. Evans, there are only five unsecured creditors. Mr. Melvin Evans' claim is over 90 percent of the unsecured claims.

The Debtor objected to the naming of Mr. Howard Malmon as Trustee on the grounds that the creditor Melvin Evans was not eligible to vote. Creditor Melvin Evans argues that the Debtor lacks standing to object to the election and that the election is valid.

## DISCUSSION

11 U.S.C. § 702 of the Bankruptcy Code is the section dealing with the election of a Trustee in a Chapter 7 bankruptcy case. 11 U.S.C. § 702(a) provides what creditors may vote in the election of a Trustee. 11 U.S.C. § 702(a) states:

(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

Once it is established that a creditor is not disqualified for any of the three reasons shown above, the creditor may vote at the election. In order to be elected as Trustee, 20 percent of the eligible creditors by amount of claims must vote for the Trustee in order to validate the election.

At the 11 U.S.C. § 341 meeting of creditors, Mr. Evans voted for Mr. Howard Malmon. His claim is over 90 percent of the unsecured claims by amount of claims.

■ Melvin Evans has a duly filed claim in this bankruptcy case. It is undisputed that Melvin Evans' claim is allowable, undisputed, fixed and liquidated, and unsecured at least as to the judgment amounts. There are other claims and pending causes of action between the Debtor and Mr. Evans which may not be undisputed, however, I am not considering these in determining Mr. Evans' eligibility to vote. Therefore, Mr. Evans qualifies to vote under 11 U.S.C. § 702(a)(1).

■ Under 11 U.S.C. § 702(a)(2), Mr. Evans must not have any interest "materially adverse ... to the interest of creditors." Mr. Evans and Mr. Blesi are equal stockholders in Blesi-Evans Co. This is true if, per the State Court judgment, Mr. Blesi must transfer back to Mr. Evans the one share of stock which he has which gave him majority ownership. In any event, Mr. Evans certainly has a major interest in the Blesi-Evans Co. The stock of Blesi-Evans Co. is the largest asset of the Debtor. The Debtor argues that the involvement of Mr. Evans with the Blesi-Evans Co. is sufficient to create a materially adverse interest in

this case. However, although Mr. Evans' interest is definitely materially adverse to the interests of Mr. Blesi, the Debtor, I find no evidence that Mr. Evans' interest is materially adverse to the interest of the other creditors. It would appear that it is in Mr. Evans' best interest to have the value of the stock of Blesi-Evans Co. remain as high as possible. It would also appear in Mr. Evans' best interest to keep the Blesi-Evans Co. in operation if he wishes to take it over, or, if it is to be sold to obtain the highest value possible in order to pay unsecured creditors including himself. In any event, I was offered no evidence which would lead me to believe that Mr. Evans' interest is materially adverse to other creditors.

There is very little case law on what is a "materially adverse interest". The case of *In re Lange Cartage Corp.*, 20 B.R. 534 (Bkrtcy., E.D.Wis.1982), held that if a creditor had been granted a preference by a Debtor, that creditor's interest was materially adverse to the other creditors. In the *Lange* case, *supra*, the case of *In re Hale Desk Company*, 89 F.2d 1 (2d Cir.1937) was cited. The *Hale Desk Company* held that a suspicion of a preference was not sufficient to invalidate a creditor's right to vote in an election. It is unclear to me that any preference has been granted to Mr. Evans to date in this case. The only possible preference I am aware of is the transfer of the pledged stock of the Debtor as ordered by the Hennepin County District Court. However, as I understand it, the pledged stock sale was never fully accomplished. Therefore, a preference was not granted in that regard. It is possible the judgment lien itself might be a preferential transfer if it can be shown to have attached to any of the Debtor's assets. However, no facts were presented to me in this regard. Therefore, I find that creditor Evans' interest is not materially adverse to the interests of other creditors under 11 U.S.C. § 702(a)(2).

■ Under 11 U.S.C. § 702(a)(3), the other invalidating factor is if the creditor is an "insider". An "insider" is defined at 11

U.S.C. § 101(25). The statutory definition says an insider "includes" certain defined people. This could mean that persons not specifically defined but of similar type could also be insiders. Persons similar to creditor Evans in the definition of an insider would include a general partner of the Debtor (11 U.S.C. § 101(25)(A)(i)), or a corporation of which the Debtor is a director or major shareholder (11 U.S.C. § 101(25)(A)(iv)). However, the point of the insider definition is to invalidate the voting of a creditor who is so tied to or controlled by the Debtor as to in effect be an alter-ego of the Debtor. The creditor Melvin Evans in this case is certainly not controlled by nor an alter-ego of the Debtor. Therefore, 11 U.S.C. § 702(a)(3) does not apply.

■ The creditor Melvin Evans argues that the Debtor may not object to the election of the Trustee. Objections to the election of the Trustee are governed by Bankruptcy Rule 2003(b)(3). This Section, entitled "Right to Vote" says that any creditor may vote at the election of creditors, "unless objection is made to the claim or the proof of claim is insufficient on its face". Neither the Rule nor the Code state who has standing to object. The Advisory Committee Notes to Rule 2003 state that the Court will promptly resolve election disputes "when an interested party presents the dispute to the Court." "Interested party" is not defined in the Code or the Rules. Since in many cases, very few creditors, if any, show up for the § 341 meeting of creditors, and the Debtor is always there for questioning by the creditors, it seems appropriate that the Debtor is "an interested party" for purposes of voting objections. The Debtor has the most information in regard to all of the claim holders and what sort of interest they may hold in regard to other creditors of the estate. To expect that the creditors will make an objection to the eligibility of particular creditors to vote is unrealistic.

IT IS THEREFORE ORDERED that creditor Melvin Evans is eligible to vote for the election of the Trustee under 11 U.S.C. § 702 and therefore the election of Howard Malmon as Trustee is hereby confirmed.