**TROY PLASTICS, Plaintiff,**

v.

**NORTH HILLS II, Limited Partnership, et al., Defendants.**

**No. 90–CV–73334–DT.**

United States District Court, E.D. Michigan, S.D.

May 21, 1991.

Stanley M. Weingarden, Snyder and Handler, Southfield, Mich., for plaintiff.

Randall M. Wokas, Washington, D.C., for defendants.

## MOTION TO DISMISS BANKRUPTCY APPEAL

### OPINION OF THE COURT

DUGGAN, District Judge.

THE COURT: The debtor in this case is appealing from an order confirming a trustee. The creditors have moved to dismiss the appeal, primarily on the grounds of lack of standing and lack of finality of the order.

In order to have standing to bring an appeal from a decision by the bankruptcy court, the appellee must be "an aggrieved party." *In re Revco D.S., Inc.*, 901 F.2d 1359 (6th Cir.1990).

Courts continue to limit appellate standing to persons aggrieved, by which they mean persons with a financial stake in the bankruptcy court's order. *In re Revco D.S., Inc.*, 898 F.2d 498 (6th Cir.1990).

In the case of *In re El San Juan Hotel*, 809 F.2d 151 (1st Cir.1987), a case cited by the 6th Circuit in *In re Revco D.S., Inc.*, 898 F.2d at 499, the Court of Appeals for the 1st Circuit discussed what is meant by an aggrieved party. The Court of Appeals, at page 154 stated:

"A litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens, or impairs his rights." (Citation omitted)

\*    \*    \*    \*    \*    \*

"Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor's property, increase his burdens or detrimentally affect his rights." (Citation omitted)

Ordinarily, a debtor is not considered an aggrieved party under this standard. *In re El San Juan*, at 154 and 155.

■ An exception to this rule exists which permits debtors to have standing to appeal bankruptcy court orders if one of two conditions are present: (1) if a successful appeal by the debtor would create an estate that has assets in excess of liabilities; or (2) an appeal taken from orders that affect the terms, conditions and extent of a debtor's discharge. *In re El San Juan Hotel*, 809 F.2d at 155, footnote 6.

■ Neither of these two conditions are present in this case since Troy Plastics is not arguing that a successful appeal on the issue of the bankruptcy trustee would create an estate that has assets in excess of liabilities or that the order confirming the election of the trustee was one which affected the terms, conditions or extent of the debtor's discharge.

Troy Plastics relies on two cases in support of its argument that it has standing to object to the order confirming the election of the trustee. However, these cases, *In re Blesi*, 43 B.R. 45 (Bkrtcy.D.Minn.1984) and *In re Sandhurst Securities, Inc.*, 96 B.R. 451 (Bkrtcy.S.D.N.Y.1989), are not controlling since they did not apply the "aggrieved person" standard, which the 6th Circuit requires in order to establish standing.

Based on Troy Plastics failure to show that it is a party aggrieved by the confirmation of the election of the trustee, the *motion to dismiss is granted*.

■ The Court also concludes that this appeal must be dismissed since the order confirming the election of the trustee was not, in this Court's opinion, a final order which may be appealable to this Court as of right.

The 6th Circuit has recognized that bankruptcy orders on appeal must be final orders. *In re Vause*, 886 F.2d 794, 794 (6th Cir.1989).

■ An order which would not otherwise be final may be appealable if it is a collateral order. *Cohn v. Beneficial In-*

*dustrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under this doctrine, an order will be treated as final and appealable if it:

(1) finally determines rights collateral to and inseparable from the main proceeding;

(2) presents a serious and unsettled question;

(3) is effectively unreviewable on appeal from final judgment such that denial of an immediate review will harm the appellant irreparably. If there is any doubt whether an order is collateral, the matter should be resolved in favor of finding a nonappealable controversy.

*In the Matter of PMH Credit Corp.*, 99 B.R. 762 (E.D.Mich.1989).

■ This rule means that the denial of an immediate appeal must cause the appellant irreparable harm. *In re Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir. 1985).

■ The Court in *In re Cash Currency Exchange, Inc.*, found that the appointment of a bankruptcy trustee was an interlocutory order. 762 F.2d at 546.

The Court also found that it was not appealable under the collateral order doctrine, because denial of immediate review would not irreparably harm the appellant, since the issue could be raised on appeal from the final plan of reorganization.

The Court in *In re Hunt International Resources Corporation*, 57 B.R. 371 (N.D.Tex.1985), also found that an order appointing a trustee was not a final order but rather an interlocutory order relating to the administration of the estate.

The case cited by Troy Plastics, *In re Oxborrow*, 104 B.R. 356 (E.D.Wash.1989), did conclude that an order "voiding the creditors election of a permanent trustee" was appealable. However, this case focused upon the impairment and irreparable harm the creditors would suffer if their election of a trustee was voided. In this case, Troy Plastics has not adequately shown that it would suffer any irreparable harm if it were not permitted to appeal the confirmation of the election of the trustee.

Because Troy Plastics has not shown this irreparable harm, it may not seek to appeal the order confirming the election as a collateral order. This appeal must also be dismissed on this ground.

For the reasons set forth above, the motion to dismiss the appeal is granted. The appeal is hereby dismissed.