**In re ST. GEORGE ISLAND, LTD., Debtor.**

**Bankruptcy No. 87–07193.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Oct. 4, 1991.

See also, 104 B.R. 429, 131 B.R. 197, 137 B.R. 861.

James M. Donohue, Tallahassee, Fla., for movant.

C. Edwin Rude, Jr., Tallahassee, Fla., for debtor.

William J. Miller, Tallahassee, Fla., trustee.

## ORDER ON RESOLUTION OF ELECTION DISPUTE

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on the motion of Paul M. Earnhart for resolution of a dispute over the alleged election of himself as trustee in the above titled Chapter 7 case. For the reasons set forth herein we find that there was no valid election of a trustee at the meeting of creditors held pursuant to provisions of 11 U.S.C. § 341 on August 6, 1991 and accordingly, the interim trustee, William J. Miller, Jr. shall serve as the trustee in this case.

This case was commenced as a Chapter 11 case on July 10, 1987, and was converted to Chapter 7 by order of this court on June 12, 1991. William J. Miller, Jr., a member of the local panel of Chapter 7 trustees was appointed as interim trustee pursuant to 11 U.S.C. § 701 by the United States Trustee.

The § 341 meeting of creditors was scheduled and held on August 6, 1991, at 9:00 a.m. in Tallahassee, Florida. At the meeting of creditors, two putative creditors requested an election of a permanent trustee. The movant, Paul Earnhart ("Earnhart"), representing that he held a $200,000 unsecured claim against the estate was one of those requesting an election. Although Earnhart has never been listed as a creditor of this estate by the debtor, he did file a proof of claim in this case on October 6, 1987. At the time of the § 341 meeting, there had been no objections filed to Earnhart's proof of claim.

At the § 341 meeting, which was presided over by the United States Trustee pursuant to Rule 2003(b)(1), Rules of Bankruptcy Procedure, Earnhart did not have a copy of his proof of claim nor did any other party present. The U.S. Trustee attempted to determine the basis of Earnhart's claim but was unable to do so without any documentation of said claim. Accordingly, the U.S. Trustee tabulated the votes for Earnhart's proposed election of himself as trustee pursuant to Bankruptcy Rule 2003(b)(3) which provides in pertinent part:

> In the event of an objection to the amount or allowability of a claim for the purpose of voting, unless the court orders otherwise, the United States Trustee shall tabulate the votes for each alternative presented by the dispute and, if resolution of such dispute is necessary to determine the result of the election, the tabulations for each alternative shall be reported to the court.[1]

Based on the unsecured claims listed by the debtor and proofs of claim filed, Earnhart's vote if allowed to stand would be sufficient to elect him as the trustee in this case.

Following the § 341 meeting, the U.S. Trustee reviewed Earnhart's proof of claim and on August 15, 1991, within ten (10) days of the § 341 meeting filed a report pursuant to Bankruptcy Rule 2003(d) of the disputed election and, within the ten (10) days provided in said rule, Earnhart filed his motion for resolution of the dispute. In his report, the U.S. Trustee states that "after reviewing the proof of claim filed by Earnhart, the claim is insufficient on its face to be allowed for voting purposes." The U.S. Trustee thereafter sets forth the basis for his determination that the claim on its face is insufficient to establish a claim against this estate. Based on the legal insufficiency of Earnhart's claim, the U.S. Trustee has taken the position that he was not eligible to vote and accordingly his attempt to elect himself as trustee does not constitute a valid election.

The eligibility to vote for a Chapter 7 trustee is set forth in 11 U.S.C. § 702(a) which provides that:

> (a) A creditor may vote for a candidate for trustee only if such creditor—
>
> (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under §§ 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title;
>
> (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and
>
> (3) is not an insider.

Bankruptcy Rule 2003(b)(3) also provides as follows:

> (3) *Right to Vote.* In a Chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the

---

1. Amended Bankruptcy Rule 2003(b)(3) became effective August 1, 1991. Former Rule 2003(d) provided that—

> The presiding officer shall transmit to the court the name and address of any person elected trustee or entity elected a member of a creditor's committee. If an election is disputed, the presiding officer shall promptly inform the court in writing that a dispute exists. Pending disposition by the court of a disputed election for trustee, the interim trustee shall continue in office. If no motion for the resolution of such election dispute is made to the court within 10 days after the date of the creditors' meeting, the interim trustee shall serve as trustee in the case.

claim or the proof of claim is insufficient on its face.

■ At the hearing on this matter, Earnhart first raised the issue as to whether or not an election dispute actually existed in that no creditor or "other party in interest" had filed an objection to his election as trustee. Earnhart takes the position that in order for an election to be the subject of a dispute, a party in interest other than the U.S. Trustee must file an objection. Since in this case the only item of record reflecting a dispute was the United States Trustee's report, it is his position that his purported election must stand. He further asserts that the U.S. Trustee lacks standing to object to his election as trustee. In support of his position, Earnhart cites *In re Poage*, 92 B.R. 659 (Bankr.N.D.TX 1988) in which the court discussed the standing of an interim trustee to raise an objection to the election of a permanent trustee. In *Poage*, the court recognized that neither § 702(a) of the Bankruptcy Code nor Bankruptcy Rule 2003(b)(3) set forth who has standing to object to the election of a trustee. The court did point out that the Advisory Committee Notes to Rule 2003 provide that the court should resolve election disputes "when an interested party presents the dispute to the court". The court then went on to discuss the standing of the interim trustee to raise such objections as a "party in interest" under § 502(a) of the Code. The court found that the interim trustee as the representative of the estate could object to a creditor's claim for voting purposes and therefore the interim trustee also had standing to object to the election.

While the court in *Poage* addressed the question of the interim trustee's standing in the context of whether or not the interim trustee was a "party in interest", it did not indicate in any way that the United States Trustee could not present an election dispute to the court. Other courts which have dealt with the resolution of disputed elections have implicitly recognized the standing of the U.S. Trustee to present election disputes to the court for resolution. Thus, in *Matter of Blanchard Management Corp.*, 10 B.R. 186 (Bankr.E.D.N.Y.1981), the U.S. Trustee, following the § 341 meeting, filed a report of election relating his dispute as to the eligibility of voting creditors to participate in the election of a trustee. The creditors filed a motion for resolution of the election dispute and the U.S. Trustee appeared in opposition to the proposed certification of the individual claiming to have been elected as trustee. Without comment on the standing of the U.S. Trustee to raise the issue of an election dispute, the court adopted the U.S. Trustee's report and disallowed the election period. In *In re Kam Kuo Seafood Corp.*, 42 B.R. 558 (Bankr.S.D.N.Y.1984) the court likewise recognized the standing of the United States Trustee with respect to raising and participating in the resolution of election disputes. There the court discussed the responsibilities of the U.S. Trustee with respect to trustee elections and noted that:

> The U.S. Trustee is required by Rule X–1006(c) of the Rules to report to the court if a trustee is elected. Where there is an election dispute and the U.S. Trustee refuses to approve the election by transmitting to the court the names of the elected trustee, the bankruptcy court must assume the duty of resolving the conflict. 42 B.R. at 560.

Thus, the court recognized the responsibility of the U.S. Trustee in the first instance to make a determination as to whether a valid election has been conducted and to report his determination to the court. Clearly, where the U.S. Trustee reports that no valid election has occurred and a creditor or other party asserts that there has been a valid election, then a dispute exists which must be resolved by court on the merits of the dispute itself.

Finally, any doubts as to the standing of the United States Trustee to raise the issue of an election dispute and to be heard thereon is resolved by the provisions of 11 U.S.C. § 307 which provides

> The United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to § 1121(c) of this title.

**860**

Having thus determined that the U.S. Trustee does have standing to contest the alleged results of an election, and the matter having been brought properly before the court, we must now turn to the merits of the dispute. The sole question raised by this dispute is whether or not Paul Earnhart, the putative elected trustee had the right to vote pursuant to Bankruptcy Rule 2003(b)(3).

■ To be entitled to vote it must be apparent on the face of the proof of claim that the creditor holds an allowable, undisputed, fixed, liquidated, unsecured claim; does not have an interest material adverse to that of other creditors; and is not an insider. 11 U.S.C. § 702(a) and Bankruptcy Rule 2003(b)(3). Earnhart's proof of claim has four documents attached to it: (1) a Contract to Exchange Intangible Personal Property for Real Property between John Stocks, the general partner of St. George Island, Ltd., and Paul Earnhart; (2) an executed Warranty Deed from St. George Island, Ltd. to Paul Earnhart; (3) an Assignment from Earnhart to John Stocks of Earnhart's interest in an option contract; and, (4) an executed Warranty Deed from Earnhart to St. George Island, Ltd. It is clear that documents (2), (3), and (4) were executed in consummation of the contract between Earnhart and Stocks. As such, the documents should be considered in *pari materia* with the contract. The contract, on the other hand, is unambiguous on its face and should be considered singularly to determine whether Earnhart has a claim against St. George Island, Ltd. entitling him to vote for a trustee.

Earnhart and Stocks, individually, entered into a contract whereby Stocks agreed to convey to Earnhart three parcels of land in exchange for Earnhart's option to purchase stock in Gold Leaf Corporation. The lots were the property of St. George Island, and not Stocks. St. George Island, however, was not a party to the contract.

One of the lots was free of any liens or encumbrances. The other two lots were encumbered by first mortgages, both of which were subject to Notices of Lis Pendens. Earnhart was aware of this and under the contract gave Stocks one year from its effective date to free the two lots of the encumbrances. If Stocks failed to clear the encumbrances within the one year, Earnhart was entitled to return the lots to Stocks and Stocks would pay Earnhart $200,000. On September 21, 1985, within two weeks of the effective date of the contract, St. George Island, Ltd., through Stocks as its general partner, executed a warranty deed conveying the two lots to Earnhart pursuant to the contract. Although the warranty deed covenants that the property was free of all encumbrances, Earnhart knew the property was not free of encumbrances. On the same day the warranty deed was executed, Earnhart executed an assignment of his interest in the option contract to John Stocks.

Taking all this into consideration, it is patently clear that Earnhart's claim is not against St. George Island, Ltd., but is against John Stocks. The contract between Stocks and Earnhart anticipated Stocks potentially defaulting under the agreement. It provided that if the property was not free of encumbrances within one year of the effective date of the contract John Stocks, not St. George Island, Ltd., would pay Earnhart the sum of $200,-000. Therefore, as filed, the proof of claim, on its face, is insufficient to establish Paul Earnhart's right to vote in an election of a trustee.

The contract between Stocks and Earnhart specifically states that Earnhart must convey the lots back to Stocks in order to receive the $200,000. The fact that St. George Island, Ltd. executed the warranty deed in favor of Earnhart and Earnhart has tendered an executed warranty deed back to St. George Island, Ltd. has no bearing on the terms of the agreement between Stocks and Earnhart. The contract states that should the encumbrances on the lots not be cleared within one year of its execution, *John Stocks* would pay to Earnhart $200,000. There is no mention of St. George Island, Ltd. anywhere in the contract.

■ At hearing, Earnhart sought to introduce evidence either to show that Stocks

was acting in his capacity of general partner of St. George Island or to show that there was a side agreement between him and Stocks regarding obligations of St. George Island, Ltd. However, the integration clause of the contract clearly states that there are no agreements, promises, or understandings between the parties except as specifically set forth in the contract. Further, there are no ambiguities regarding the responsible parties of the contract. This integration clause, along with the parol evidence rule, prevents us from looking to any extrinsic evidence to vary the express terms of the contract. *J.C. Penney Co., Inc. v. Koff,* 345 So.2d 732 (4th DCA Fla.1977).

The final basis for asserting a claim against St. George is the warranty deed. As previously noted, the deed must be considered as it relates to the contract. The deed, executed on June 21, 1985, conveyed property from St. George Island to Earnhart. On the same day, Earnhart assigned the option contract to Stocks. These documents were clearly executed in consummation of the contract between Stocks and Earnhart. In fact, the assignment states, in handwriting, "in accordance to that certain contract dated May 24th 1985." Although the deed was executed by St. George Island and warranted that the property was free of all encumbrances, the contract makes it clear that at the time of the execution of the deed Earnhart was aware that the land was not free of encumbrances and expected Stocks to clear the encumbrances within one year of the effective date of the contract. Therefore, any claim based upon a breach of the warranty deed must fail when considering it as it relates to the contract. Consequently, Earnhart does not have a claim against St. George Island, Ltd. based upon the warranty deed.

It is clear from the proof of claim filed that Earnhart has a claim against John Stocks. However, it is equally clear that Earnhart's claim, on its face, does not establish a claim entitling him to vote for a trustee in the St. George Island, Ltd. bankruptcy proceeding. Therefore, Earnhart was not eligible to vote for a trustee and

the election in which he did vote was not valid. Accordingly, it is

ORDERED AND ADJUDGED that the election of the trustee was not valid and that the interim trustee, William J. Miller, Jr., shall be the trustee in this case.

DONE AND ORDERED.