**In re NANVAROK SEVEN, INC., Debtor.**

**Bankruptcy No. 92–00050.**

United States Bankruptcy Court, District of Columbia.

June 29, 1992.

Barry Lenk, Washington, DC, for debtor.

Nelson J. Kline, Washington, DC, Trustee.

DECISION RE MOTION OF CREDITORS AND ELECTED TRUSTEE TO APPROVE THE CHAPTER 7 TRUSTEE ELECTION OF JEREMY FLACHS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

On April 21, 1992, the court held a hearing on a motion to approve the election of Jeremy Flachs as chapter 7 trustee. The debtor's objection to the election will be sustained on the basis that Flachs has a conflict of interest which should bar him from serving as trustee, without reaching the other grounds of objection.

The meeting of creditors was held on February 20, 1992. The two voting creditors nominated Flachs as trustee in this case. On February 26, 1992, the United States trustee filed a report of disputed election, stating that Flachs, counsel for the two voting creditors, was elected trustee. On March 2, 1992, the creditors filed a motion to approve the election of Flachs as trustee.

■■■ Under 11 U.S.C. § 702 creditors may elect a trustee at the meeting of creditors if certain procedures and voting requirements are met. The object of § 702 is to permit the general unsecured creditors to provide for the administration of the chapter 7 estate by a trustee of their own choosing. As a general rule, the choice of the unsecured creditors should be recognized and upheld by the court unless the selection was contrary to law, or it appears that the trustee so elected has interests that conflict with those of the general creditors of the estate. *In re Mayflower Hat Co.*, 65 F.2d 330, 331 (2nd Cir.1933).

■■ The debtor has questioned whether Flachs is capable of acting as an impartial trustee. The debtor is clearly an interested party and has standing to raise objections to the election of a chapter 7 trustee. *In re Blesi*, 43 B.R. 45 (Bankr.D.Minn.1984).

■■ The two voting creditors, Charles Gibson and Brian Scott, filed proofs of claim for general unsecured claims for $1,000,000 and $400,000 respectively. Both claims arise from injuries suffered in a fire at the debtor's premises. The debtor disputes liability for the claims. These two creditors are represented by Flachs with respect to pursuit of their claims against the debtor. The debtor asserted and Gibson and Scott have not disputed that Flachs represents them on a contingency fee basis.

Flachs has a conflict of interest which may prevent him from properly performing his statutory responsibilities. The statutory duties of a chapter 7 trustee are generally described in 11 U.S.C. § 704. The trustee acts as representative of the estate and is responsible for collecting and liquidating the property of the estate, and distributing the proceeds to creditors and any surplus to the debtor. The trustee determines who is entitled to distribution of the estate's assets by examining proofs of claims and, if appropriate, objecting to the allowance of any claim that is improper. 11 U.S.C. § 704(5).

Flachs' responsibility as attorney for the two voting creditors, which presumably requires him to seek the best possible settlement for his clients, could conflict with his statutory responsibility as the chapter 7 trustee to object to the allowance of any claim or portion thereof that is improper or excessive. 11 U.S.C. § 704(5).

The debtor has scheduled two other creditors, the District of Columbia and the Internal Revenue Service, and Flachs' statutory responsibilities run to these creditors as well as to his own two clients. Although the District of Columbia and the Internal Revenue Service have not filed proofs of claim, no bar date has been set in the case. The claims of those entities are scheduled as priority claims but the District's claim is for a penalty and likely not entitled to priority status and the Internal Revenue Service's claims, listed as uncertain in amount for unfiled tax returns, would also include penalty amounts and may be of an age not entitled to priority. These governmental creditors and the debtor might benefit if the trustee is able to reduce the claims of Flachs' clients.

A claim may be improper for any of a great number of procedural or substantive reasons. For example, the amount of the claim may be excessive or liability on the claim may not exist as the debtor asserts here. As trustee, Flachs' responsibility to object to improper or excessive claims could require him to object to the claims of his clients. "While a creditor or an attorney for a creditor is not *per se* disqualified from acting as trustee, such situations require the court to subject such elections to particularly close scrutiny." *In re Brent Industries, Inc.*, 96 B.R. 193, 197 (Bankr. N.D.Iowa 1989) citing 4 *Collier on Bankruptcy* par. 702.07 (15th ed. 1988). The court has serious doubts that Flachs will be able to handle the duties of a trustee in an

independent and impartial manner consistent with his fiduciary duty to treat all parties fairly and concludes that the election should be disapproved.

In addition to representing two creditors whose claims are disputed, Flachs received a payment of attorneys fees from the debtor as a sanction in litigation between his clients and the debtor in the Superior Court of the District of Columbia. That payment may constitute a preference recoverable from him under 11 U.S.C. §§ 547 and 550. As a trustee with a duty to collect the estate, Flachs would be in an untenable position if insufficient assets are not otherwise recovered to pay priority claimants or general unsecured claimants besides his clients. This constitutes another basis for disapproving the election.

## CONCLUSION

For the foregoing reasons, the creditors' motion to approve the election of Jeremy Flachs will be denied, and the interim trustee, Nelson J. Kline, shall continue to serve as trustee in this case.